# CASES

IN THE

# SUPERIOR COURT

OF

# PENNSYLVANIA.

## Moss v. Lancaster & York Furnace Street Railway Company, Appellant.

*Negligence—Street railways—Passengers—Accident on connecting line— Tickets.*

Where a street railway company sells a return ticket to a point on another railway with which it is connected by intersecting switches and connecting wires, and runs a car operated by its own crew to the point in question, it will be liable in damages to a purchaser of the ticket who is injured by the negligence of the crew while the car is running on the connecting line.

Argued Nov. 15, 1906. Appeal, No. 186, Oct. T., 1906, by defendant, from judgment of C. P. Lancaster Co., April T., 1905, No. 44, on verdict for plaintiff in case of Rebecca J. Moss v. The Lancaster & York Furnace Street Railway Company. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before HASSLER, J.

The facts are stated in the opinion of the Superior Court.

At the trial the defendant presented the following points:

1. There is no evidence in the case to show that either the president or superintendent of defendant company had any authority to contract to operate its cars, or to accept for it passengers over the Lancaster and Southern Railroad, which was

2  MOSS *v.* LANCASTER, ETC., ST. RY. CO., Appellant.

Statement of Facts—Opinion of the Court. [33 Pa. Superior Ct.

an independent railroad not under defendant's control and forming no part of its system. In the absence of a contract, expressed or implied with defendant, plaintiff was not its passenger and not entitled to recover. *Answer:* Refused. [1]

2. If the jury believe, from all the evidence in the case, that the defendant company did not undertake and was not bound to carry the plaintiff over the line of another railway company, and that it did so only at the request of plaintiff through her agent, and that the party or person who induced her agent, and that the party or person who induced defendant's employee to transport plaintiff from Martic Forge to Mt. Nebo assumed all the risks of that passage, there can be no recovery, and the verdict must be for defendant. *Answer:* Refused. [2]

Verdict and judgment for plaintiff for $500. Defendants appealed.

*Errors assigned* were (1, 2) above instructions, quoting them.

*W. U. Hensel* and *A. F. Hostetter*, with them *J. H. Byrne*, for appellant.

*C. E. Montgomery* and *G. Ross Eshleman*, with them *Leo Macfarland*, for appellee.

OPINION BY ORLADY, J., February 25, 1907 :

There was sufficient evidence in this case to warrant the jury in concluding that the defendant company agreed to carry the funeral party, of which the plaintiff was a member, from Lancaster to Mt. Nebo. A special rate of fare was exacted and paid, and while the special tickets appear on their face to be good only from Lancaster to Martic Forge and return, the car in which the party was carried to Mt. Nebo was under the personal charge of the defendant's superintendent, and its crew consisted of a conductor, motorman and sander.

The principal contention of the appellant is, that there is no evidence to show that the defendant company had any authority to run their car over the line from Martic Forge to Mt. Nebo, it being a road owned by an independent company, and that the running of the car from Martic Forge to Mt. Nebo " was beyond the scope of the power and authority of either the su-

perintendent or president of the defendant company, and even though the facts were found that the superintendent did run, and the president agreed to its running, such agreement and their action would not be binding upon the defendant." The defendant's superintendent and crew did in fact run the car from Martic Forge to Mt. Nebo in consideration of the fare paid by the passengers in that car; and on the return trip while in full control of the car were so negligent in their management of it as to cause the accident in which the plaintiff was injured. The roads were connected with intersecting switches and connecting trolley wires so as to make a continuous system.

It is conceded that the party was carried from Lancaster to Millersville over an independent road, and it would be unreasonable to exact of one who pays fare to a destination, to inquire into the charter rights of the carrying company throughout the course of travel where the defendant's officers whose negligence caused the accident, had entire charge of the car and the power propelling it. The apportionment of equities and liabilities between the several roads over which the car was run may well be left to be adjusted by the companies themselves. The Lancaster & Southern Railway Company (from Martic Forge to Mt. Nebo) did not contribute to the accident to this plaintiff,—its roadbed was intact, but the car was so recklessly managed that the crew lost control of it on a grade, and then abandoned it by jumping from it.

In the light of the proof, which was clear and practically undisputed, this plaintiff paid the fare asked by the defendant, and was not simply presumably a passenger, but was properly to be considered as one in the legal sense of the word. The disputed questions of fact as to the cause of the accident were carefully left to the jury in a full and adequate charge.

The assignments of error are overruled and the judgment is affirmed.